UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEED GASKIN,

    Plaintiff,

vs.

JEFFREY GELINAS,

    Defendant.

Case No. 23-cv-10355
Hon. George Caram Steeh
Magistrate Judge Curtis Ivy, Jr.

| | |
|---|---|
| DRAUGELIS & DRAUGELIS, PLLC<br>Samantha E. Draugelis (P75754)<br>Nicholas T. Draugelis (P75883)<br>25615 Jefferson Ave.<br>St. Clair Shores, Michigan 48081<br>313.251.6606<br>sam@danddlawfirm.com<br>nick@danddlawfirm.com<br>*Attorneys for plaintiff* | WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>William S. Cook (P68934)<br>Katherine M. Beres (P81014)<br>17197 N. Laurel Park Drive, Ste 201<br>Livonia, Michigan 48152<br>313.327.3100<br>william.cook@wilsonelser.com<br>Kate.beres@wilsonelser.com<br>*Attorneys for defendant Jeffrey Gelinas* |

**QUALIFIED PROTECTIVE ORDER AND AUTHORIZATION PURSUANT TO HEALTH INSURANCE PORTABILITY & ACCOUNTABILITY ACT (HIPAA) FOR RASHEED GASKIN**

Based on the parties' stipulation, the court orders as follows:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are authorized to receive, subpoena, and transmit "protected health information" (PHI) including, "Health Insurance Portability and Accountability Act" (HIPAA) pertaining to Rasheed Gaskin, to the extent and subject to the conditions outlined herein;

2. For purposes of this Qualified Protective Order, "protected health information" or "PHI" including, "Health Insurance Portability and Accountability Act" (HIPAA) shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either:

    (a) the past, present or future physical condition of an individual;

    (b) the provision of care to an individual; and/or

    (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.13) are authorized to disclose "PHI" and "HIPAA" pertaining to Rasheed Gaskin to all attorneys, now of record, or who may become of record in the future of this litigation;

4. The parties and their attorneys shall be permitted to use the "PHI" and "HIPAA" of Rashid Gaskin in any manner reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, the attorneys' firm (*i.e.*, attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members and other entities involved in this litigation process.

5. At the conclusion of the litigation as to any defendant (defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant, and any person or entity in possession of "PHI" and "HIPAA" received pursuant to Paragraph 4, *supra*, shall destroy any and all copies of "PHI" and "HIPAA" pertaining to Rasheed Gaskin, *except*:

(a) The defendant that is no longer in the litigation may retain "PHI" and "HIPAA" generated by him/her/it; and

(b) The remaining defendants in the litigation, and persons or entities receiving "PHI" and "HIPAA" from those defendants, pursuant to Paragraph 4, supra, may retain "PHI" and "HIPAA" in their possession;

6. This order shall not control or limit the use of "PHI" and "HIPAA" pertaining to Rasheed Gaskin, that comes into possession of any party, or any party's

attorney, from a source *other than* a "covered entity" (as defined in 45 CFR 160.103).

  IT IS SO ORDERED.

Dated: July 18, 2023       <u>s/Curtis Ivy, Jr.</u>
               Curtis Ivy, Jr.
               United States Magistrate Judge